## COSTA et al. v. DROBAZ.

### (Circuit Court, N. D. California. May 28, 1894.)

PATENTS—PRIOR PUBLIC USE—FISHING-BOAT ATTACHMENTS.

> To a suit for infringement of the Costa patent, No. 456,720, for attachments for fishing boats by which a net may be towed astern of a single vessel, consisting in part of stanchions on each side of the vessel, provided with metallic bands fitting their upper ends and having staples or eyes, booms having hooks on their inner ends fitting the eyes, stays by which the booms are held, and lines from the outer ends of the booms connecting with the net, prior public use of the attachment described with the exception of the stanchions, the booms being hooked into eyed plates bolted against the bulwarks, is not a defense; it appearing that the use of the stanchions resulted in greater safety and ease of navigation, and increased facility in handling the booms, and that this feature was new and original.

This was a suit by Pedro Costa and others against Mateo Drobaz for infringement of patents.

John L. Boone, for complainants.

E. S. Heller, for defendant.

GILBERT, Circuit Judge. Pedro Costa and others bring a suit in equity against Mateo Drobaz for the infringement of letters patent No. 456,720, issued July 28, 1891, to Pedro Costa, for an improvement in fishing-boat attachments. The invention is described as follows:

> "The fishing boat has a mast, B, and upon each side of the boat near the rail is fixed a short vertical post, C. having an iron band, D, fitted around its upper end. Upon the side of the band nearest the rail is fixed a staple or eye, E. To the staple a boom, F, fifty feet in length, is attached by the hook, G. Near the outer end of each boom is fixed a band and an eye, H, and from these eyes the suspending stays, I, extend up to the mast where they pass over blocks, J, and lead down to the deck, so that, by means thereof, the outer ends of the booms may be raised and lowered at will. From the outer ends of the booms the stays, K. extend to the bow of the vessel. Upon the outer ends of the booms are also fixed the eyes, L, to which are attached the lines from the ends of the fishing net, the lines being about one hundred and twenty-five fathoms in length. By means of these attachments, a net. having a width equal to the length of the two booms and the intervening hull of the vessel, may be towed astern by means of a single vessel, and lowered for deep sea fishing, and raised and drawn upon the stern of the vessel, as occasion may require,—accomplishing a result that formerly required the use of two vessels, pursuing a parallel course and maintaining a uniform intervening space."

The claim of the patent is as follows:

> "A vessel having the vertical stanchions, C, upon each side, provided with metallic bands fitting their upper ends, and having staples or eyes, E, booms having hooks on their inner ends adapted to fit said eyes, stays by which the booms are held in a horizontal position, projecting from the sides of the vessel, ropes extending from the outer ends of the booms, and connecting with a net adapted to be towed behind the vessel, the lines, O, having rings adapted to clasp the tow lines, the guiding sheaves or checks, P, at the stern of the vessel, and the winding drums forward of the sheaves, substantially as herein described."

The defendant has constructed and used a vessel with fishing attachments identical with those described in the patent, but he makes defense to the suit upon the grounds—First, that the im-

provement described in the letters patent was known and publicly used on fishing boats in the waters of the Mediterranean sea for many years prior to the application for the patent; and, second, that the patentee publicly and continuously used the said invention in and about the waters of the Pacific ocean, and within this district, from 1884 until the time of filing application for the patent on December 1, 1890, and that thereby the invention was abandoned to the public.

So far as the second defense is concerned, the evidence is that the complainants built in the year 1884, and continuously thereafter operated, a fishing boat with the fishing attachment described in the patent, with the single exception that in the vessel so used there were no stanchions for the support and attachment of the inner ends of the boom, but instead thereof the booms were hooked into eyed plates, which were bolted directly against the bulwarks of the vessel upon the outer side. There is no doubt that, by the public use of that vessel from the year 1884, the right to claim the combination so used was relinquished to the public. But, in his application for a patent, Costa added to the combination a new feature, —the stanchion rising above the vessel's deck upon either side, with its band and eye for the point of support of the boom. The advantage of this element is shown to be twofold: First, the greater safety and ease of navigation resulting from attaching the booms at a higher elevation upon the vessel; and, second, the increased facility of attaching and securing, as well as detaching and otherwise handling, the booms, upon the part of the crew. It is not disputed that this feature of the combination is distinctly new and original with Costa, the patentee. It is therefore unnecessary to consider the evidence concerning the fishing attachments which, according to the testimony of some of the witnesses, were in use upon the Mediterranean sea, since confessedly none of said vessels had stanchions for the support of the booms. The complainants are entitled to a decree protecting them in the use of the combination described in the claim of the patent.